IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ANTONIO LOPEZ, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. SA-14-CV-428-XR |
| | § | |
| TRAVELERS AND THE CHARTER | § | |
| OAKS FIRE INSURANCE COMPANY, | § | |
| | § | |
| *Defendant*. | | |

**ORDER**

On this day, the Court considered the status of this case. On April 1, 2014, Plaintiff filed an original petition in the 288th Judicial District Court of Bexar County, Texas. Docket No. 1-2. Plaintiff alleges that he was injured in a vehicle collision with an uninsured motorist and that Defendant failed to pay insurance benefits. Plaintiff asserts causes of action against Defendant for breach of contract and breach of the duty of good faith and fair dealing. While the case was pending in state court, Defendant responded to Plaintiff's petition with a responsive pleading, asserting a plea to the jurisdiction, a plea in abatement, special exceptions, verified denials, and a general denial. Docket No. 1-4. On May 7, 2014, Defendant removed the action to this Court. Docket No. 1.

The rules of pleading differ from Texas state court to federal court. *See Pa. Lumbermens Mut. Ins. Co. v. Sentry Select Ins. Co.*, 4:13-CV-751-A, 2013 WL 6620860 (N.D. Tex. Dec. 13, 2013) (noting the different pleading standards for stating a claim). Among other things, the Texas Rules of Civil Procedure require dilatory pleas to be asserted in a responsive pleading, while the Federal Rules of Civil Procedure allow certain defenses to be presented by motion

before an answer is required. *Compare* TEX. R. CIV. P. 85 *with* FED. R. CIV. P. 12(b).  Moreover, the Local Rules for the United States District Court for the Western District of Texas require all parties to submit a proposed order with all nondispositive motions. Local Rule CV-7(g).

In this case, Defendant has raised jurisdictional and ripeness issues through dilatory pleas that are not recognized in federal court. *Compare* TEX. R. CIV. P. 85 *with* FED. R. CIV. P. 7, 8, 12. Additionally, Defendant has filed special exceptions and a general denial that conform only to state-court rules. *Compare* TEX. R. CIV. P. 91, 92 *with* FED. R. CIV. P. 8(b)(3); *see also Sanchez v. Hacienda Records & Recording Studio, Inc.*, CIV. A. H-11-3855, 2013 WL 3457072, at *2 (S.D. Tex. July 9, 2013) ("General denials are uncommon in federal court because 'situations in which the complaint can be completely controverted are quite rare.'") (quoting 5 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1265, at 549 (3d ed. 2004).  Federal Rule of Civil Procedure 81(c) allows a district court to order the repleading of removed actions. *See* FED. R. CIV. P. 81(c).  Since Defendant's state-court answer does not conform to Federal and Local Rules of Civil Procedure and since Defendant's challenges to jurisdiction and ripeness may be more appropriately raised in a Federal Rule 12 motion or a motion to stay, <u>the Court ORDERS Defendant to replead its answer, or otherwise respond to Plaintiff's petition, pursuant to Federal and Local Rules of Civil Procedure, by **June 10, 2014**</u>.

It is so ORDERED.

SIGNED this 27th day of May, 2014.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE